# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROBERT E. GREEN,**

    Petitioner,

    v.                        CASE NO. 10-3207-RDR

**SHELTON RICHARDSON,**
**et al.,**

    Respondents.

## O R D E R

This action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas, a private facility operated by the Corrections Corporation of America (LDC). Mr. Green has also filed a Motion to Proceed in forma pauperis.

As the factual basis for his Petition, Mr. Green alleges that he is a pre-trial detainee from the Western District of Missouri and is currently being held in administrative segregation at the LDC. He complains that "his custodian" uses "excessive wrist and ankle leg irons (mechanical restraints)" whenever Mr. Green is escorted to attorney, regular, and medical visits. He further complains that the restraints are "abnormally" put on backwards causing skin injury and are intentionally used to cause pain. He asserts that the restraints are not necessary when he is not being transported out of the institution. He seeks "a writ of habeas corpus to remove the unlawful restraints" and an order directing respondents to discontinue the practice.

**SCREENING**

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief by persons who are in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); see Maleng v. Cook, 490 U.S. 488, 490 (1989). Petitioner expressly raises his claims and seeks relief under § 2241. District courts are to promptly review habeas corpus petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing Section 2254 Cases. An initial review of the Petition filed in this case indicates that it fails to state a claim for relief under § 2241.

Mr. Green's claim is a challenge to the conditions of his confinement, which is not a proper ground for habeas corpus relief. See McIntosh v. United States Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997)(A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement); Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in a civil rights complaint rather than in a habeas corpus petition). The court concludes that this habeas corpus petition should be dismissed without prejudice for failure to state a valid claim for federal habeas corpus relief.

Furthermore, even if this action could be construed as raising a valid § 2241 claim, Mr. Green has alleged no facts showing that he exhausted prison administrative remedies. It has long been held

2

that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking habeas corpus relief under § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). In order to have fully exhausted, Mr. Green must have presented his constitutional claims by way of the administrative remedies available at the prison. Accordingly, the court finds this § 2241 petition is also subject to being dismissed for failure to exhaust.[1]

Dismissal of this petition without prejudice should not prevent Mr. Green from litigating his conditions-of-confinement claims, as he is free to challenge the allegedly unconstitutional conditions of his confinement by filing a civil complaint. In a civil complaint, Mr. Green must name as defendants those individuals who have actually caused the alleged condition and/or injuries of which he complains. His custodians are not proper defendants unless they personally participated in the alleged unconstitutional use of mechanical restraints upon Mr. Green. Mr. Green is reminded that if he decides to submit a civil complaint to be filed as a new case, he must utilize forms provided by the court upon request and will be obligated to pay the filing fee for a civil complaint, which is

---

[1] While the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see Jones v. Bock, 549 U.S. 199 (2007), the PLRA does not apply to federal habeas corpus proceedings. Nothing in Jones prohibits the sua sponte dismissal of a section 2241 petition for failure to exhaust.

$350.00.[2]  The filing fee for this habeas petition is $5.00, and will not be assessed in this action because the balance in petitioner's inmate account is less than $150.00.  Thus, petitioner has no further financial obligation in this case.

Finally, the court notes only in passing that the proper use of mechanical restraints, even within the prison, has generally not been held to amount to a federal constitutional violation.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and this § 2241 petition is dismissed, without prejudice, for failure to state a valid habeas corpus claim.

**IT IS SO ORDERED.**

**DATED:  This 1st day of December, 2010, at Topeka, Kansas.**

s/RICHARD D. ROGERS<br>United States District Judge

---

[2]  Mr. Green is no stranger to this court and has previously been informed that, under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).